IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

KATHERINE JAY, an individual,

       Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC, a Florida limited liability
corporation, doing business as "HRRG,"

       Defendant.
_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Katherine Jay, an individual, sues Defendant, Healthcare Revenue Recovery Group, LLC, a Florida limited liability corporation, doing business as "HRRG," and alleges:

### *INTRODUCTION*

1. This is an action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statute §559.551, *et sequi*, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

## *ALLEGATIONS AS TO PARTIES*

3. At all times material hereto, Plaintiff, Katherine Jay ("Ms. Jay"), was *sui juris* and a resident of Hollywood, Broward County, Florida.

4. At all times material hereto, Defendant, Healthcare Revenue Recovery Group, LLC, was a Florida limited liability corporation ("HRRG"), doing business in Coral Springs, Broward County, Florida under the trade name "HRRG."

5. At all times material hereto, Defendant is and was engaged in the collection of consumer debts using mail and telephone communications to debtors.

## *FACTUAL ALLEGATIONS*

6. In or about November, 2016, Ms. Jay was assigned temporary custody of a minor child by the Florida Department of Children and Family Services.

7. While the minor child was in the temporary custody of Ms. Jay, the minor child had a medical episode which required emergency treatment at a local hospital, Joe DiMaggio Children's Hospital (the "Hospital").

8. For reasons best known to the Hospital, instead of billing Medicaid, the Hospital decided to bill Ms. Jay for the medical services for the minor child ("Disputed Medical Bill"), despite the fact the Hospital knew that Ms. Jay had no legal obligation to pay for the medical services provided by the Hospital on behalf of the minor child as Ms. Jay was not the legal parent or guardian of the minor child and the minor child was fully covered by Medicaid.

9. Prior to July 11, 2017, the Hospital retained HRRG in collecting the Disputed Medical Bill from Ms. Jay.

10. On July 11, 2017, HRRG sent or caused to be sent to Ms. Jay correspondence, known more commonly in the collection industry as a "dunning letter," in an attempt to collect the Disputed Medical Bill ("Initial Collection Communication").[1]

11. Upon receipt of the Initial Collection Communication from HRRG, Ms. Jay immediately notified HRRG that Ms. Jay was not liable for the Disputed Medical Bill. In particular, Ms. Jay sent or caused to be sent to HRRG a dispute letter ("Dispute Letter").

12. Pursuant to the Dispute Letter, Ms. Jay informed HRRG that Ms. Jay was not liable for the debt collected by HRRG for the reasons stated above.

13. Despite the receipt of the Dispute Letter, HRRG continued to attempt to collect on the Disputed Medical Bill by written correspondence and repeated telephone calls to Ms. Jay.

## COUNT I - ACTION FOR VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692, *ET SEQUI*)

14. This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA")

15. Ms. Jay realleges and reaffirms the allegations contained in Paragraphs 1 through 13 above as if set forth hereat in full.

16. At all times material hereto, Ms. Jay was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

17. At all times material hereto, the Hospital was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

---

[1] Pursuant to Rule 5.2, Federal Rules of Civil Procedure, Ms. Jay has not attached the Initial Collection Communication or Dispute Letter as exhibits.

18. At all times material hereto, the Disputed Medical Bill was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

19. At all times material hereto, Defendant was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

20. As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

　　(a) continued to communicate with Ms. Jay despite the fact that Ms. Jay had notified HRRG as a debt collector in writing that Ms. Jay refused to pay the Disputed Medical Bill in contravention of 15 U.S.C. §1692c(c);

　　(b) engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, in contravention of 15 U.S.C. §1692e;

　　(c) made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A); and

　　(d) used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f by representing that the Disputed Medical Bill was a legal obligation of Ms. Jay when it in fact was not.

21. As a direct and proximate result of the violation of the FDCPA by the Defendant, Ms. Jay has been damaged. The damages of Ms. Jay include but are not necessarily limited to mental pain and shock, frustration, suffering, aggravation, humiliation, and embarrassment.

22. Pursuant to 15 U.S.C. §1692k, Ms. Jay is entitled to recover actual damages together with statutory damages of One Thousand Dollars ($1,000.00), along with court costs and reasonable attorney's fees.

23. Ms. Jay has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Katherine Jay, an individual, demands judgment against Defendant, Healthcare Revenue Recovery Group, LLC, a Florida limited liability corporation, doing business as "HRRG," for damages, together with interest, costs and attorney's fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

24. This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

25. Ms. Jay realleges and reaffirms the allegations contained in Paragraphs 1 through 13 above as if set forth hereat in full.

26. At all times material hereto, the Disputed Medical Bill constituted a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

27. At all times material hereto, Ms. Jay was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

28. At all times material hereto, the Hospital was a "creditor" as said term is defined under Florida Statute §559.55(3).

29. At all times material hereto, Defendant was a "debt collector" as said term is defined under Florida Statute §559.55(6).

30. As more particularly described above, the Defendant has violated the FCCPA in that the Defendant has:

    (a) Willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Jay, in contravention of Florida Statute §559.72(7); and

    (b) Claimed, attempted or threatened to enforce a debt when Defendant knew that the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statute §559.72(9).

31. As a direct and proximate result of the violation of the FCCPA by the Defendant, Ms. Jay has been damaged. The damages of Ms. Jay include but are not necessarily limited to mental pain and shock, frustration, suffering, aggravation, humiliation and embarrassment.

32. Ms. Jay has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

33. Pursuant to Florida Statute §559.77, Ms. Jay is entitled to recover actual damages together with statutory damages of One Thousand Dollars ($1,000.00), along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Katherine Jay, an individual, demands judgment for damages against Defendant, Healthcare Revenue Recovery Group, LLC, a Florida limited liability corporation, doing business as "HRRG," together with interest, costs and attorneys pursuant to Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Katherine Jay, an individual, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

Dated this ___6___ day of October, 2017.

```
                                    ROBERT W. MURPHY
                                    Florida Bar No. 717223
                                    1212 S.E. 2nd Avenue
                                    Ft. Lauderdale, Florida 33316
                                    (954) 763-8660
                                    (954) 763-8607 (FAX)
                                    Email: rwmurphy@lawfirmmurphy.com
                                    Counsel for Plaintiff
```